UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEROY ALEXANDER, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-01389-JMS-MG |
| | ) | |
| AI INNOVATIONS, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Plaintiff Leroy Alexander, Jr., who is a Black man, worked for Defendant AI Innovations as an engineer. Following Mr. Alexander's resignation, he initiated this litigation against AI Innovations[1] for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. §1981. AI Innovations has filed a Motion to Dismiss for failure to state a claim, [Filing No. 11], which is now ripe for the Court's consideration.

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

---

[1] AI Innovations claims its proper name is Image One LLC. [Filing No. 12 at 1.] Mr. Alexander appears to agree. [*See* Filing No. 13 at 1.] The parties are **ORDERED** to confer regarding the proper name of AI Innovations, and, if appropriate, Mr. Alexander should file a notice to correct the name of the Defendant.

1

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations set forth in the Complaint, which the Court must accept as true at this time:

Mr. Alexander was hired as an engineer by AI Innovations in April of 2022. [Filing No. 1 at 3.] During his employment, Mr. Alexander regularly received assignments with incomplete instructions. [Filing No. 1 at 3.] As a result, it was impossible for him to meet deadlines or complete projects in a timely manner. [Filing No. 1 at 3.] His immediate supervisor also routinely assigned him and other minority employees seven or more assignments to complete in one day, even though the average number of projects completed by engineers was two per day. [Filing No. 1 at 3.] His immediate supervisor would also "smile and laugh" with non-minority employees and "within seconds would turn to a minority employee and be short, curt and at times would vulgarly scream" in response to him and other minority employees. [Filing No. 1 at 4.] When his immediate supervisor reviewed his work, she "point[ed] out trivial things that were not actually errors so that he would miss project deadlines and in turn fail to meet performance expectations." [Filing No. 1

2

at 4.] But when his work was reviewed by others, "errors were rarely identified." [Filing No. 1 at 4.] Mr. Alexander "believes that non-Black employees were provided complete project details and were assigned fewer projects" than Black employees. [Filing No. 1 at 4.]

Mr. Alexander repeatedly complained to AI Innovations' Director of Information Technology, but the Director failed to address Mr. Alexander's concerns. [Filing No. 1 at 4.] Mr. Alexander then relayed his concerns to AI Innovations' owner, who dismissed his complaints as "bullshit." [Filing No. 1 at 4.] Mr. Alexander then complained to AI Innovations' management that he was being discriminated against due to his race. [Filing No. 1 at 5.] AI Innovations' management denied his complaints, "asked [him] why he could not let it go," and "told [him] not to say [that he was being discriminated against] and that they have Black friends." [Filing No. 1 at 5.] AI Innovations' management ignored Mr. Alexander's complaints and refused to acknowledge what was happening. [Filing No. 1 at 5.] Although Mr. Alexander repeatedly asked to return to work despite management ignoring his concerns, management refused. [Filing No. 1 at 5.] As a result, Mr. Alexander "felt as though management was trying to make the work environment so untenable that he would resign." [Filing No. 1 at 5.]

On December 13, 2022, Mr. Alexander filed a Complaint of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by AI Innovations. [Filing No. 1 at 5.] On May 11, 2023, the EEOC issued a Determination and Notice of Rights Letter ("Notice of Rights Letter"). [Filing No. 1 at 6.] Mr. Alexander then initiated the present litigation.

### III.
### DISCUSSION

In support of its motion, AI Innovations argues that Mr. Alexander's Complaint "fails to plead operative facts necessary to allow the Court to provide relief for discrimination." [Filing

3

No. 12 at 2.] Specifically, it argues that the Complaint should be dismissed because it fails to "plead [that] adverse employment action was taken" and that "the facts given in the Complaint simply do not describe discriminatory behavior." [Filing No. 12 at 3.] It further contends that, to the extent that Mr. Alexander is raising a hostile work environment claim, he fails to state a prima facie case. [Filing No. 12 at 3.] It argues that besides "using the word 'harassment' once . . .there are no facts which come close to describing harassment." [Filing No. 12 at 3.] It asserts that "the only instance of specific behavior cited in the Complaint was when [Mr. Alexander's] supervisor allegedly failed to smile and laugh with him as she allegedly does with other employees." [Filing No. 12 at 3.] It also asserts that the Court should "consider the reality of what the EEOC [Notice of Rights Letter] means regarding the plausibility of [Mr. Alexander's] Complaint having any merit." [Filing No. 12 at 2.]

In his response, Mr. Alexander argues that the facts are more extensive than what AI Innovations noted and highlights several facts that AI Innovations ignored. [Filing No. 13 at 2.] He also argues that he "does not have to allege an adverse employment action to prevail on a Title VII claim." [Filing No. 13 at 6.] He contends that AI Innovations' assertion regarding what the EEOC's Notice of Rights Letter means about the merits of his case "ignores the EEOC's own language" in the Notice of Rights Letter. [Filing No. 13 at 12.] Mr. Alexander does not address AI Innovations' hostile work environment argument. [*See* Filing No. 13.]

AI Innovations did not file a reply brief.

Title VII forbids an employer from discriminating against any individual with respect to his or her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same

4

right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The analysis of a Title VII claim and a Section 1981 claim are the same, and cases discussing claims under either provision are instructive. See *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013) ("The substantive standards and methods that apply to Title VII also apply to 42 U.S.C. § 1981.").

In order to properly allege a claim for employment discrimination, "[i]t is enough for a plaintiff to assert that [he] was treated worse because of protected characteristics." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). The Seventh Circuit has discussed what a plaintiff must – and need not – allege in the employment context:

> Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which [he] will have to prove for [his] claim to survive summary judgment.

*Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citations omitted).

Here, Mr. Alexander alleges that he is Black and, that because of his race, he was routinely given unclear assignments and assigned more than three times the average number of daily projects. He also alleges that after reporting his concerns to management, he was ignored and then prevented from working, which compelled him to resign. These allegations paint the picture of AI Innovations treating him less favorably because of his race, which is all that is required for his race discrimination claims to survive. See *Graham*, 8 F.4th at 627.

AI Innovations ignores almost all of Mr. Alexander's factual claims and seeks to apply summary judgment like standards at the motion to dismiss stage. But Mr. Alexander's allegations are enough at the motion to dismiss stage to sufficiently allege Title VII and § 1981 race discrimination claims. See *id.* (criticizing district court for "want[ing] [plaintiff] to put in the complaint all facts that would be needed to defeat a motion for summary judgment," and noting "that's not the function of a complaint. Even after [*Twombly* and *Iqbal*], a complaint in federal court pleads claims, not facts. A claim must be plausible, but it need not supply the specifics required at the summary-judgment stage"). Further, AI Innovations' argument regarding the EEOC's Notice of Rights Letter has no merit. Filing with the EEOC is a perquisite to bring a Title VII claim. See *Connor v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). And the plain language of the EEOC Notice of Rights Letter makes clear that the determination has no bearing on the merits of any claims: "This [determination] does not mean the claims have no merit." [Filing No. 1-2 at 1.] In any event, a likelihood of success on the merits is not required to survive a motion to dismiss. Instead, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), which is exactly what Mr. Alexander's Complaint does. Accordingly, the Court **DENIES IN PART** AI Innovations' Motion to Dismiss to the extent that seeks to dismiss Mr. Alexander's claims for race discrimination. [Filing No. 11.]

Lastly, the Court notes that Mr. Alexander did not respond to AI Innovations' argument regarding a hostile work environment claim. Mr. Alexander has therefore waived any opposition to the argument that he failed to state a hostile work environment claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Accordingly, the Court **GRANTS IN PART** AI Innovations' Motion to Dismiss to the extent that it seeks to dismiss any hostile work environment claim. [Filing No. 11.]

## IV.
### CONCLUSION

For the foregoing reasons, the Court:

- **ORDERS** the parties to confer regarding the proper name of AI Innovations, and, if appropriate, Mr. Alexander should file a notice to correct AI Innovations' name;

- **DENIES IN PART** AI Innovations' Motion to Dismiss to the extent that seeks to dismiss Mr. Alexander's claims for race discrimination, [11]; and

- **GRANTS IN PART** AI Innovations' Motion to Dismiss to the extent that it seeks to dismiss any hostile work environment claim, [11].

Date: 1/12/2024

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**