IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEROY ALEXANDER, JR., | ) |
| Plaintiff, | ) CASE NO. 1:23-CV-01389-JMS-MG |
| v. | ) |
| IMAGE ONE, LLC, | ) AMENDED COMPLAINT |
| Defendant. | ) DEMAND FOR JURY TRIAL |

**AMENDED COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1981 to correct unlawful employment practices on the basis of race. Jurisdiction is based on 28 U.S.C. § 1331 to provide appropriate relief to Plaintiff Leroy Alexander, Jr. (hereinafter "Alexander" referred as "Employee" or "Plaintiff") who was adversely affected by such practices. The Plaintiff is a former employee of Defendant, Image One, LLC, (hereinafter "Image One" or "Employer" or "Defendant"), an African-American man, who was subjected to discrimination because of his race while employed at Image One, LLC.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff Leroy Alexander, Jr. is a former employee of Defendant, Image One, LLC (formerly known as AI Innovations) and is an African-American man. Plaintiff is expressly authorized to bring this action by, and pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Jurisdiction is based on 28 U.S.C. § 1331.

4. At all relevant times, Defendant Image One, LLC, has continuously been a domestic, not-for-profit, local public institution doing business in the State of Indiana and the City of South Bend, Indiana and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Image One, LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Leroy Alexander filed a Complaint of Discrimination (Charge No. 470-2023-00973) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1981 by Defendant Employer. *See* Exhibit 1. The EEOC issued a Dismissal and Notice of Rights on Charge No.

470-2023-00973 dated May 11, 2023. Plaintiff Alexander received the notice on or about May 13, 2023. *See* Exhibit 2. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 11, 2022, Defendant Employer has engaged in unlawful employment practices at its McCordsville, Indiana location in violation of Section 703(a)(1) of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2(a)(1). Defendant Employer subjected Plaintiff to discrimination and termination based on his race.

8. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect their status as an employee, because of their race.

9. The unlawful employment practices complained of above were intentional and reckless.

10. The unlawful employment practices complained of above were done with malice and reckless indifference to the federally protected rights of Plaintiff.

## FACTS

11. Plaintiff Leroy Alexander, Jr. is an African-American man and was hired by Image One, LLC as an Engineer on or about April 2022.

12. Plaintiff's immediate supervisor was Natalia Schwedland, Project Manager.

13. Throughout his employment, Plaintiff was given assignments without complete details making it impossible for him to meet deadlines or complete projects in a timely manner.

14. Schwedland would also assign Plaintiff and other minority employees, seven (7) or more assignments due in one day. The average amount of projects that Engineers are able to complete in a day is two (2).

15. Plaintiff repeatedly attempted to complain to Shane Perry, Director of Information Technology. Perry would respond that he was on Plaintiff's side, yet pertinent details remained missing or incorrect.

16. When Plaintiff attempted to complain to Frank Green, Owner, Green said that Plaintiff's complaint was "bullshit".

17. Plaintiff believes that non-Black employees were provided complete project details and were assigned fewer projects.

18. Schwedland interacted with minority employees differently than non-minority employees. Specifically, Schwedland would smile and laugh when responding to non-minority employees, then within seconds would turn to a minority employee and be short, curt and at times would vulgarly scream in response to minority employees, including but not limited to Plaintiff.

19. When Schwedland reviewed Plaintiff's work, Schwedland more harshly critiqued his work. However, when Schwedland stopped reviewing Plaintiff's work, errors were rarely identified.

20. Plaintiff believes that Schwedland was pointing out trivial things that were not actually errors so that he would miss project deadlines and in turn fail to meet performance expectations.

21. Plaintiff felt as though management was trying to make the work environment so untenable that he would resign.

22. On December 7, 2022, Plaintiff complained to Lacey Kirschener that he felt that he was being discriminated due to his race. Plaintiff was immediately told not to say this and that they have Black friends.

23. Management immediately began denying Plaintiff's complaints and asked Plaintiff why he could not let it go. During the meeting, management would not acknowledge what was happening to Plaintiff.

24. Plaintiff repeatedly asked to be allowed to return to work after his concerns were not addressed, but management refused to allow him to return to work and offered no solutions.

25. Due to their refusal to acknowledge his complaint or allow Plaintiff to return to work, Plaintiff felt forced to resign.

26. Plaintiff believes that he was subjected to different terms and conditions when he was not provided complete project details and when he was given too many assignments in one day and his complaints were not addressed.

27. Plaintiff believes that he was harassed because of his race, Black, in violation of Title VII of the Civil Rights Act of 1984, as amended.

28. On or about December 13, 2022, Plaintiff Leroy Alexander, Jr. filed a Complaint of Discrimination (Charge No. 470-2023-00973) with the U.S. Equal Employment Opportunity

Commission alleging violations of The Civil Rights Act of 1964 (Title VII) by Defendant Employer.

29. On or about May 11, 2023, the EEOC issued a Dismissal and Notice of Rights for Plaintiff Leroy Alexander, Jr.'s EEOC Charge No. 470-2023-00973.

30. The Conduct of the Defendant, which is complained of herein is in violation of the Civil Rights Act of 1964 (Title VII) as amended.

PRAYER FOR RELIEF

Wherefore, the Plaintiff seeks the following relief from discrimination and respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race and any other employment practice which violates federal employment law.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which protect employees from race discrimination and provide equal employment opportunities for employees, regardless of race or other protected classes, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant Employer to make Plaintiff whole by providing compensation for any past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant Employer to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of

above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      E.     Order Defendant Employer to pay Plaintiff punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

      F.     Grant such further relief to the Plaintiff, as the Court deems necessary and proper in the premises.

      G.     Award the Plaintiff their costs, including attorney fees, pursuant to 42 U.S.C. §12205 and 42 U.S.C. §2000e-5(k) in this action.

### JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

      Respectfully submitted,

By: /s/Michelle Smith Scott
Michelle Smith Scott, Atty. ID #18983-49A
120 E. Market St., Suite 305A
Indianapolis, IN 46204
Telephone: (317) 371-3667
Facsimile: (317) 376-7043
Email: msmithscott@aol.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Amended Complaint* has been served electronically by email transmission, this 22nd day of January, 2024, upon:

Christopher Jeter
MASSILLAMANY JETER & CARSON LLP
11650 Lantern Road, Suite 204
Fishers, IN 46038

                                        /s/Michelle Smith Scott_____
                                        Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305A
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:   (317) 376-7043