UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEROY ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:23-cv-01389-JMS-MG |
| | ) |
| IMAGE ONE, LLC, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion for Attorney's Fees under Federal Rule 41(a)(2), [Filing No. 47], seeking its fees incurred preparing a summary judgment motion prior to Plaintiff's voluntary dismissal. Plaintiff does not believe he should be required to reimburse Defendant for fees and has submitted a response in opposition to the request. [Filing No. 50.] Defendant's motion is fully briefed and has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Filing No. 48.] For the reasons set forth below, the undersigned **RECOMMENDS** the Court **DENY** Defendant's motion.

**I.**
**BACKGROUND**

Plaintiff brought claims against AI Innovations for racial discrimination and hostile work environment on August 8, 2023. [Filing No. 1.] On December 13, 2023, the Court approved a Case Management Plan, dictating an August 22, 2024 deadline for dispositive motions. [Filing No. 13.]

On January 12, 2024, the Court issued an order which granted in part and denied in part Defendant's motion to dismiss, dismissing only the hostile work environment claim. [Filing No. 24.] On February 1, 2024, Plaintiff was granted leave to amend his complaint to correct Defendant's name from AI Innovations to Image One, LLC, [Filing No. 28; Filing No. 29], and on

1

February 21, 2024, Defendant filed their amended answer and affirmative defenses, [Filing No. 30]. Plaintiff then submitted a motion for leave to file his belated statement of claims on July 3, 2024, which was approved on July 8, 2024. [Filing No. 29; Filing No. 40.]

Defendant deposed Plaintiff on July 16, 2024. Defendant claims that during this deposition, Plaintiff's remaining claim was revealed to be meritless. [*See* Filing No. 47 at 2.] On August 8, a telephonic status conference was conducted between the parties setting a settlement conference for April 9, 2025. On August 21, 2024, one day prior to the August 22 deadline for dispositive motions, Plaintiff filed a Motion of Voluntary Dismissal. [Filing No. 43.] Subsequently, Defendant filed the instant Motion for Attorney's Fees. [Filing No. 47.] Defendant seeks attorney's fees from Plaintiff totaling $3,800 as compensation for the work involved in preparing a summary judgment motion from August 9, 2024, through August 21, 2024. [Filing No. 47.]

## II.
### DISCUSSION

### A.   **Voluntary Dismissal Without Prejudice**

Defendant first argues that although Plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), because Defendant had filed an answer, Plaintiff's voluntary dismissal must be from a court order under Rule 41(a)(2). [Filing No. 47 at 1.]

Defendant is correct. Rule 41(a)(1)(A)(i) allows a plaintiff to forego acquiring a court order for any dismissal only if filed "before the opposing party either an answer or a motion for summary judgment." Though Defendant did not file a motion for summary judgment, it did file an answer prior to Plaintiff's request for voluntary dismissal. [*See* Filing No. 30.] As such, dismissal must be acquired via a court order under Rule 41(a)(2). Of importance, Defendant does not object to whether dismissal is appropriate, or whether it should be with or without prejudice, it merely wishes the Court to condition any dismissal upon an award of fees. Absent any opposition from

2

Defendant regarding dismissal without prejudice, the undersigned **RECOMMENDS** the Court **GRANT** Plaintiff's request to voluntarily dismiss this action without prejudice under 41(a)(2).

Under Rule 41(a)(2), the district court may condition voluntary dismissal without prejudice on payment of attorney's fees to the defendant. Fed. R. Civ. P. 41(a)(2). *See also Johnson v. Wev Works, LLC*, 2024 WL 3757135, at *2 (S.D. Ind. Aug. 12, 2024). As such, the undersigned next evaluates whether dismissal should be conditioned upon payment of such fees to Defendant.

### B. Conditions Upon Voluntary Dismissal Without Prejudice

Indiana federal courts typically adhere to the "American Rule" regarding payment of attorney's fees, meaning each party pays for their own legal services. This is true unless there exists an express agreement between the parties or statutory authority or rule to the contrary. *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005). Therefore, any rule or statute which might allow for fee-shifting must be narrowly construed. *Norfolk Redevelopment & Hous. Auth. v. Chesapeake & Potomac Tel. Co.,* 464 U.S. 30, 35 (1983).

This matter concerns a title VII civil rights claim under the Civil Rights Act of 1964, and thus implicates the Civil Rights Fee Awards Act of 1976, 42 U.S.C. § 1988(b), which permits the award of attorney's fees to a prevailing party, and 42 U.S.C. § 2000e-5(k), which authorizes fee shifting in Title VII suits between purely private parties. In drafting these statutes, "Congress desired to 'make it easier for a plaintiff . . . to bring a meritorious suit' . . . But second, and equally important, Congress intended to 'deter the bringing of lawsuits without foundation' by providing that the 'prevailing party'—be it plaintiff or defendant could obtain legal fees." *Christianburg Garment Co. v. Equal Employment Opp. Commission*, 434 U.S. 412, 420 (1978) *citing Grubbs v. Butz*, 548 F.2d 973, 975 (D.C. Ct. App. 1976). While defendants need not prevail on the merits to be considered a 'prevailing party' for the purposes of benefitting from fee shifting under 42 U.S.C.

3

§ 2000e-5(k), plaintiff's claims must also be "frivolous, unreasonable, or groundless." *CRST Van Expedited, Inc. v. EEOC* 578 U.S. 419, 432 (2016).

Defendant claims that Plaintiff's remaining Title VII claim is meritless, and that dismissal should have occurred following Plaintiff's deposition on July 16, 2024, thus obligating Plaintiff to reimburse its attorney's fees [Filing No. 47 at 2.] However, Plaintiff freely admits that the voluntary dismissal was a result of inability to bear the costs of continued litigation following multiple failed attempts to engage in settlement discussions with Defendant from August 9 to August 19, 2024. [Filing No. 50 at 2.] Despite the Supreme Court ruling in *CRST Van Expedited*, that a defendant need not prevail on the merits in order to be eligible for attorney's fees generated defending a Title VII claim, the second requirement for fee shifting requires the claim by the plaintiff to be "frivolous, unreasonable, or groundless." *CRST Van Expedited*, 578 U.S. at 432. Prior to the voluntary dismissal by Plaintiff, the Court ruled on a motion to dismiss. While the Court did not evaluate the likelihood of success on the merits, as such is not required to survive a motion to dismiss, it found that Plaintiff provided sufficiently factual allegations that were plausible on their face to support his Title VII and ¶ 1981 race discrimination claims to proceed. [Filing No. 24.] It is the view of the undersigned that the presence of a complaint that survived a motion to dismiss and was voluntarily dismissed by the Plaintiff prior to being subject to a summary judgment motion cannot be considered at such time to be "frivolous, unreasonable, or groundless." Therefore, recovery of attorney's fees under § 2000e-5k is inapplicable in this instance, and any recovery would be conditioned upon Rule 41(a)(2) and the Court's discretion.

Under Rule 41(a)(2), after a defendant files an answer, absent agreement by the defendant, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." See also *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir. 1994).

"Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994); *See also McLaughlin v. Cheshire*, 676 F.2d 855, 856-57 (D.C. Cir. App. 1982) ("it is common for courts to require plaintiffs to pay their opponents' reasonable legal fees . . . as a condition of voluntary dismissal under Rule 41(a)(2)."). The court in *McLaughlin* further explains, "fee awards should only reimburse the defendant for any expenses incurred in preparing work product that *would not be helpful* in subsequent litigations of the same claim." *Id* at 857 (emphasis added).

As already stated *supra*, Defendant argues that the lack of litigation activity since Plaintiff's deposition on July 16, 2024 represents a deliberate effort by Plaintiff to waste their time and resources with a meritless claim, and thus justifies the reimbursement of Defendant's legal fees incurred from drafting the motion for summary judgment under Rule 41(a)(2). [Filing No. 47.] Defendant cites *McLaughlin* as support for its interpretation of Rule 41(a)(2), allowing for the discretionary award of attorney's fees from the Plaintiff to the Defendant by the Court.

While 41(a)(2) does indicate the discretionary nature of the granting of these fees by the Court, *McLaughlin* also indicates a direction for the Court to follow regarding the application of this rule. See *McLaughlin*, 676 F.2d at 857. Defendant is seeking to be reimbursed for their expenditures of preparing a summary judgment motion. Thus, the creation of these work products will almost certainly be useful in the event Plaintiff seeks to refile this claim. Further, Defendant's representation of events does not include the attempts by Plaintiff's counsel to engage in settlement discussions on August 9, 2024, and—following Defendant's ten-day silence—August 19, 2024, or that the amount in Plaintiff's amended settlement demand was less than the amount being sought by Defendant in the instant motion. [*See* Filing No. 50.] On August 19, 2021, Defendant notified

Plaintiff that it was not interested in settlement. [*See* Filing No. 50 at 2.] Plaintiff argues that based on the failed settlement attempts, Defendant's failure to engage in a resolution up to August 19, 2024, and the expenses to be incurred with the remaining litigation schedule, he made the decision to voluntarily dismiss the action. [Filing No. 50 at 2-3.]

Plaintiff could have sent updated settlement demands and evaluated his financial capacity to continue this litigation earlier, but the fact that Plaintiff's racial discrimination claims survived a motion to dismiss indicates that Plaintiff provided enough plausible facts to pursue good faith resolution via settlement, until it was no longer financially feasible, and prior to any merits-based filings by Defendant. To reward a defendant for failure to engage in settlement discussions is the opposite of promoting litigation economy and should not be encouraged by granting this award, particularly when Defendant admits that drafting the motion "has cost significantly more than $3,800." [Filing No. 47.] It can also be said that Defendant's failure to engage in attempts to settle the case outside of court directly led to them incurring the very expenses they now seek in the instant motion. That said, this claim may arise again as the undersigned has recommended dismissal without prejudice, and Defendant has created extensive documentation that may assist in defending this claim in the future.

As such, the undersigned **RECOMMENDS** the Court **DENY** Defendant's request for attorney's fees and do not impose any conditions upon Plaintiff's request to voluntarily dismiss this action without prejudice.

### III.
#### CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** the Court: (1) **GRANT** Plaintiff's request to voluntarily dismiss this action without prejudice under Rule 41(a)(2) and (2) **DENY** Defendant's Motion for an Award of Attorney's fees and Costs, [47]**.**

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 9/27/2024

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**